# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACKIE D. MASON,

        Plaintiff,

v.

JOSEPH M. BOEHLKE, JENNIFER JOHNSON, JON A. CHARLES, PHILIP SEMMERT, ERIN M. KARSHEN, and CINDY CARLSON,

        Defendants.

Case No. 23-CV-367-JPS

**ORDER**

On April 12, 2023, this Court addressed Plaintiff Jackie D. Mason's ("Plaintiff") motion to proceed in forma pauperis, ECF No. 2, and screened his pro se complaint, ECF No. 1. ECF No. 5. The Court granted the motion to proceed in forma pauperis but determined that various of Plaintiff's claims were not viable and were subject to dismissal. *See generally id.* Specifically, the Court dismissed Ellen R. Brostrom, Milwaukee County, and the City of Milwaukee as defendants from the action, and dismissed "Plaintiff's claim that Defendant Erin M. Karshen unlawfully prosecuted him notwithstanding an alleged insufficiency of evidence . . . ." and that she "unlawfully presented false information at trial." *Id.* at 21.[1]

---

[1] The Court concluded that Plaintiff's claims "[a]gainst the Officers"—specifically, that they "produced and presented to the circuit court police reports that contained knowingly false statements and misrepresented dates, and which were unsupported by the evidence"—"w[ould] proceed." ECF No. 5 at 19. It also concluded that several of Plaintiff's claims could potentially be viable if re-pleaded to conform with Rule 8. *See id.* at 15–17 (discussing claim that the prosecuting attorney failed to provide Plaintiff with exculpatory evidence in his underlying criminal case and noting that "[i]f Plaintiff fails to timely and sufficiently elaborate

On April 21, 2023, Plaintiff filed a notice of appeal as to the Court's screening order. ECF No. 6. Then, on April 28, 2023, whilst his appeal was pending,[2] he filed an amended complaint. ECF No. 10.

On May 1, 2023, Plaintiff moved for leave to appeal without prepayment of the filing fee. ECF No. 11. On May 3, 2023, the Court denied the motion because the order from which Plaintiff appealed was not a final one and therefore not immediately appealable. ECF No. 12 at 2 (quoting *Tate v. Frank*, No. 07-C-755, 2008 U.S. Dist. LEXIS 13565, at *3 (E.D. Wis. Feb. 11, 2008)).

Then, on May 4, 2023, Plaintiff moved for entry of partial final judgment "pursuant to Fed. R. Civ. P. Rule 54(b) and 58(d) . . . regarding the dismissal [of] Milwaukee County and the City of Milwaukee from the . . . case." ECF No. 13.[3]

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or

---

as to the facts underlying this alleged *Brady* violation, the claim will not proceed") and at 17 (discussing "Plaintiff's claim that [the prosecuting attorney] coached adverse witnesses to perjure themselves" and concluding that "the validity of this claim will turn on whether this alleged conduct occurred during the investigatory phase of the case—in other words, on whether [the prosecuting attorney] was acting as an investigator or an advocate of the State . . . .") (citing ECF No. 1 at 9). To address these deficiencies and to clarify these claims, the Court granted Plaintiff leave to file an amended complaint. *Id.* at 21.

[2] As of the Court's writing, the appeal remains pending. *See Mason v. Milwaukee County*, No. 23-1764 (7th Cir. 2023). On August 7, 2023, the Seventh Circuit ordered Plaintiff "to show cause for his failure to respond" to the Seventh Circuit's order mandating him to file a jurisdictional memorandum. *Id.* at ECF No. 12.

[3] Rule 58(d) provides merely that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of partial final judgment pursuant to Rule 54(b) "brings the claims encompassed by the partial final judgment within the scope of 28 U.S.C. § 1291, which authorizes appellate jurisdiction over 'final decisions of the district courts of the United States.'" *Mwangangi v. Nielsen*, 48 F.4th 816, 823 (7th Cir. 2022). "A final judgment entered under Rule 54(b) is immediately appealable though the rest of the case remains pending in the district court." *Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019) (citing *VDF FutureCeuticals, Inc. v. Stiefel Lab'ys, Inc.*, 792 F.3d 842, 845 (7th Cir. 2015)).

However, "Rule 54(b) [should] be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938–39 (7th Cir. 2005) (citing *Factory Mut. Ins. Co. v. Bobst Grp. USA, Inc.*, 392 F.3d 922, 924 (7th Cir. 2004)); *see also id.* at 949 ("Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap.") (quoting *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 516 (7th Cir. 1999)). A primary goal of these requirements is "to avoid 'piece-meal appeals' . . . that tend to undermine judicial efficiency." *Rankins v. Sys. Sols. of Ky., LLC*, 40 F.4th 589, 592 (7th Cir. 2022) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)). Indeed, "entry of judgment under Rule 54(b) should be the exception, not the rule . . . ." 10 MOORE'S FEDERAL PRACTICE – CIVIL § 54.23.

As far as the Court can discern, there is no circumstance here warranting entry of partial final judgment. To the contrary, it appears that the subject matter of the dismissals as to which Plaintiff now seeks entry of

partial final judgment overlap with that of the claims remaining before this Court, making entry of partial final judgment inappropriate. This is so because the Court dismissed Milwaukee County and the City of Milwaukee from the action for Plaintiff's failure to allege that "his injuries were caused by a policy or custom of either" of those parties—i.e., for failing to meet the requirements of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). ECF No. 5 at 18–19 (citing *Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014)). To the contrary, "Plaintiff explicitly acknowledge[d] that he s[ought] relief from Milwaukee County and the City of Milwaukee due to the actions of their employees," *id.* at 19 n.5 (citing ECF No. 1 at 6), demonstrating that there is factual overlap between the dismissals of Milwaukee County and the City of Milwaukee and the remaining claims against the employees of those entities.

The dismissals as to which Plaintiff seeks entry of partial final judgment, in other words, are not "truly separate and distinct" as required by Rule 54(b). *Lottie*, 408 F.3d at 949; *compare Bane v. City of Philadelphia*, No. 09-2798, 2010 U.S. Dist. LEXIS 88132, at *9 (E.D. Pa. Aug. 25, 2010) (denying pro se plaintiff's Rule 54(b) motion in part because "the adjudicated claims are factually and legally intertwined with the unadjudicated claims, especially [p]laintiff's Section 1983 claim brought pursuant to *Monell* . . . "), *with Mwangangi v. Nielsen*, 536 F. Supp. 3d 371, 387–89 (S.D. Ind. 2021) (granting motion for entry of partial final judgment after concluding that "any appeal that is potentially taken following a trial of the remaining claims would not involve the same issues that would be involved in a present appeal of the *Monell* . . . claim" because "[t]he *Monell* claim was disposed of on the ground that it was waived . . . ."). Indeed, it "makes little sense for an appellate court to address" the *Monell* claim "when that subject

may be made academic by" the district court's determination as to whether the requisite underlying constitutional violation even occurred. *Factory Mut. Ins. Co.*, 392 F.3d at 924 ("It makes little sense for an appellate court to address contribution when that subject may be made academic by the outcome of trial. Everything we do on this appeal could be wasted.").

For those reasons, and due to the goal of avoiding piece-meal appeals, *Rankins*, 40 F.4th at 592, the Court will deny Plaintiff's motion for entry of partial final judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff Jackie D. Mason's motion for entry of partial final judgment, ECF No. 13, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge