UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKIE D. MASON,

    Plaintiff,

v.

JOSEPH M. BOEHLKE, JENNIFER JOHNSON, JON A. CHARLES, PHILIP SEMMERT, and CINDY CARLSON,

    Defendants.

Case No. 23-CV-367-JPS

**ORDER**

**1.    INTRODUCTION**

Plaintiff Jackie D. Mason ("Plaintiff") proceeds pro se on claims against Defendants Joseph M. Boehlke ("Boehlke"), Jennifer Johnson ("Johnson"), Jon A. Charles ("Charles"), Philip Semmert ("Semmert"), and Cindy Carlson ("Carlson") (collectively, "Defendants"). ECF No. 19 at 4–6; ECF No. 10 (operative complaint). Defendants now move for a more definite statement. ECF No. 33. For the reasons discussed herein, the Court will deny the motion.

**2.    LAW**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must . . . point out the defects complained of and the details desired." *Id.*

"Rule 12(e) 'is designed to strike at unintelligibility rather than want of detail.'" *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009)

(quoting *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007)). "If the pleading . . . fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Id.* (quoting *Flentye*, 485 F. Supp. 2d at 911). "Only 'when the pleading is so unintelligible that the movant cannot draft a responsive pleading' should a court grant a Rule 12(e) motion." *Id.* (quoting *Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06 C 1522, 2006 U.S. Dist. LEXIS 82976, at *23 (N.D. Ill. Nov. 14, 2006)). "Rule 12(e) motions are generally disfavored," and are not "intended . . . to replace traditional discovery." *Microthin.com*, 2006 U.S. LEXIS 82976, at *23 (quoting *Direct Commc'n, Inc. v. Horizon Retail Constr.*, 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005) and citing *United States for Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987)).

It must be remembered, moreover, that pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

**3. ANALYSIS**

Defendants' motion is unwarranted and obfuscatory. The Court will not waste its and the readers' time in analyzing each and every portion of it and will instead address select portions, each of which is, regrettably, representative of the motion's overall lack of merit.

Defendants first move for a more definite statement regarding paragraphs one through seven of Plaintiff's amended complaint, which list each of the parties, specify their places of employment during the relevant period, and provide an address for each Defendant. ECF No. 33 at 1–2 (quoting ECF No. 10 at 1, 3). Defendants first write, with respect to paragraph two of Plaintiff's amended complaint, that they cannot

determine who Plaintiff attempts to implicate in that paragraph. *Id.* at 2 (quoting ECF No. 10 at 3). Defendants' confusion at this juncture stems from the fact that Plaintiff's recitation of the parties begins on page one and continues on page three; page two is merely a continuation of the caption, as Plaintiff did not have sufficient space to list all of the Defendants. Accordingly, paragraph two alleges that "Defendant Joseph Boehlke . . . is a citizen of Wisconsin and worked for the Milwaukee Police Department." ECF No. 10 at 1–3. This is, frankly, not a tremendously difficult puzzle to piece together.

Defendants next write that they "cannot determine whether" the addresses provided for each Defendant are alleged to be addresses of residence or addresses of employment. ECF No. 33 at 2. First, this issue has no bearing whatsoever on either the jurisdiction of this case or the substance or nature of Plaintiff's claims. The addresses are, for purposes of this suit before the court on federal question jurisdiction under 18 U.S.C. § 1331, utterly immaterial.

Second, a basic Google search reflects that the addresses listed for the Defendants are, in fact, the locations of two Milwaukee Police Department precincts. Accordingly, Defendants' contention that they cannot determine whether those addresses are alleged to be the Defendants' residential addresses "or the Milwaukee Police Department's address" is absurd. ECF No. 33 at 2.[1] Even if Defendants for whatever reason were unable to perform this basic search, however, they needed only

---

[1] Even without having performed a basic Google search, common sense dictates that the identical address alleged as to Defendants Carlson, Simmert, and Charles does not represent those Defendants' residential address, unless it could be believed that those three police officers are roommates.


Page 3 of 6
Case 2:23-cv-00367-JPS    Filed 03/07/24    Page 3 of 6    Document 34

respond that they "lack[] knowledge or information sufficient to form a belief about the truth of" the allegation. Fed. R. Civ. P. 8(b)(5).

Defendants next write that they cannot sufficiently understand paragraph ten of Plaintiff's amended complaint. *Id.* at 3 (quoting ECF No. 10 at 3–4). That portion of Plaintiff's complaint provides as follows:

> The plaintiff assert's [sic], Police Report #080760177, filed by Charles[] and Simmert on 1/11/2012, was in fact, [n]ot the true and accurate statement given them by SL on 3/16/2008. Charles[] and Simmert fabricated evidence by falsifying the dates of the two alleged crimes, made by SL on 3/16/2008, and thereafter, presented this falsified report as the true and accurate statement given to them by SL on 3/16/2008.

ECF No. 10 at 3–4. Defendants write that they "cannot determine whether Plaintiff is alleging that SL did not tell them that Plaintiff sexually assaulted her on 3/16/2008, or told them [that] Plaintiff sexually assaulted her on some other date . . . , or denies that he ever sexually assaulted her . . . ." ECF No. 33 at 3.

Defendants want more from Plaintiff at this juncture than he is obliged to give. The general nature of his claim against Charles and Simmert is entirely clear; he contends that Charles and Simmert in some fashion misrepresented in their police report the statement that SL made to them on March 16, 2008, ultimately contributing to Plaintiff's conviction and unlawful imprisonment. To the extent that Defendants want further clarification or details, they should engage in discovery rather than waste both the Court's and Plaintiff's time with an unwarranted motion for a more definite statement.

Defendants also contend that they "cannot determine whether Plaintiff is alleging that he was unlawfully imprisoned, and, if so, what

Page 4 of 6
Case 2:23-cv-00367-JPS   Filed 03/07/24   Page 4 of 6   Document 34

specific acts he alleges Defendants did . . . that caused" any such unlawful imprisonment. ECF No. 33 at 4. This is perhaps the most brazenly obfuscatory portion of Defendants' motion, considering that Plaintiff's amended complaint could not be clearer in alleging that Defendants' presentation of knowingly false and fabricated police reports and fabrication of witness statements "violat[ed] [his] rights guaranteed by the United States Constitution" and contributed to his "being [un]lawfully imprisoned for over ten years." ECF No. 10 at 4; *see also* ECF No. 19 at 4–6.

### 4. CONCLUSION

What is perhaps most striking about the Court's receipt of this motion is not only that Plaintiff's amended complaint is facially compliant with Rule 8, but also that the Court itself thoroughly screened Plaintiff's allegations against Defendants and had no difficulty in understanding their general nature and scope. Defendants were therefore not only put on notice of the nature of the claims against them via the amended complaint itself, but also via the Court's subsequent screening thereof. ECF No. 5 at 19 ("[T]he general allegations against the various police officer defendants are that they produced and presented to the circuit court police reports that contained knowingly false statements and misrepresented dates, and which were unsupported by the evidence . . . . Plaintiff claims that this conduct resulted in his unlawful imprisonment."); *see also* ECF No. 19 at 4–6.

At bottom, this motion was unwarranted and demonstrated either extreme ill-preparedness or willful ignorance. Should Defendants bring an equally frivolous and ill-prepared motion before the Court again, they will be subject to sanctions. Plaintiff's amended complaint "fairly notifies the opposing party of the nature of the claim[s]," and so the Court will deny

Page 5 of 6
Case 2:23-cv-00367-JPS    Filed 03/07/24    Page 5 of 6    Document 34

the motion for a more definite statement. *Gardunio*, 674 F. Supp. 2d at 992 (quoting *Flentye*, 485 F. Supp. 2d at 911).

Accordingly,

**IT IS ORDERED** that Defendants Joseph M. Boehlke, Cindy Carlson, Jon A. Charles, Jennifer Johnson, and Philip Semmert's motion for a more definite statement, ECF No. 33, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 7th day of March, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge