# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACKIE D. MASON,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH M. BOEHLKE, JENNIFER JOHNSON, JON A. CHARLES, PHILIP SEMMERT, and CINDY CARLSON,<br><br>      Defendants. | Case No. 23-CV-367-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

  Plaintiff Jackie D. Mason ("Plaintiff") sues Defendants Joseph M. Boehlke ("Boehlke"), Jennifer Johnson ("Johnson"), Jon A. Charles ("Charles"), Philip Semmert ("Simmert"),[1] and Cindy Carlson ("Carlson") (collectively, "Defendants" or the "Defendant Officers") for alleged misconduct relating to the investigation preceding Plaintiff's prosecution in *State of Wisconsin v. Jackie D. Mason,* Case No. 2012CF000228 (Milwaukee Cnty. Cir. Ct.), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CF000228&countyNo=40&index=0 (last visited June 28, 2024). ECF Nos. 5, 10, 19. Specifically, he alleges that Defendants produced and presented to the state circuit court police reports that contained knowingly false statements and misrepresented dates, and which were unsupported by the evidence, resulting in Plaintiff's unlawful imprisonment. ECF No. 5 at 19; ECF No. 10;

---

[1]Semmert's name is correctly spelled Phillip Simmert II. *See* ECF No. 10 at 2; ECF No. 36 at 2. The Court will order the Clerk of Court to update his name on the docket accordingly.

ECF No. 19 at 6. He proceeds on claims of malicious prosecution and fabrication of evidence against him in violation of his Due Process rights. *Id.*

Now before the Court are various motions brought by Plaintiff. First, he moves the Court to prohibit the use in this case of the trial transcripts from his state criminal case. ECF No. 45. Second, he moves the Court to impose sanctions under Federal Rule of Civil Procedure 11 against Assistant City Attorneys Meghan McCabe ("Attorney McCabe") and Clint Muche ("Attorney Muche"). ECF No. 47. Lastly, he moves for court action regarding alleged discovery misconduct—specifically, alleged alteration of discovery materials. ECF No. 50.

For the reasons discussed herein, the Court will deny Plaintiff's motion for court action, ECF No. 50, and will grant in part and deny in part his motion to prohibit Defendants' use of the trial transcripts from his state criminal case, ECF No. 45. The Court will also grant in part and deny in part Plaintiff's motion for sanctions, ECF No. 47; the Court grants that motion only to the extent that it seeks disclosure of the relevant police reports and any recordings, transcriptions, or notes of interviews with witnesses on which those reports were purportedly based, to the extent those materials have not already been disclosed.

2.  **LAW AND ANALYSIS**

    2.1  **Motion to Prohibit Use of Criminal Trial Transcripts**

First, Plaintiff moves the Court to prohibit the use in this case of the trial transcripts from his underlying state criminal case (the "transcripts"). ECF No. 45. Plaintiff argues that Defendants' use of the transcripts in this case would violate his Sixth Amendment rights. *Id.* at 1.

He points to the facts that his underlying conviction in *State of Wisconsin v. Jackie D. Mason* was vacated following a successful action in

habeas corpus and that the state circuit court judge prohibited the use of the alleged victim's trial testimony in a criminal retrial. *Id.* at 2. Defendants do not dispute those facts. ECF No. 46 at 2–3 (acknowledging that the state circuit court denied the State's request to admit the alleged victim's trial testimony during a retrial "because of Plaintiff's inability to properly cross-examine [the alleged victim]").

Defendants argue, however, that those facts are not sufficient or appropriate grounds to preclude the potential and limited use of the transcripts in this case. *Id.* at 4. Defendants concede that, if they sought to use the transcripts to prove "the truth of the matter asserted during the initial 2012 criminal trial," then the Court could and should rule in Plaintiff's favor and preclude the use of the transcripts for that purpose. *Id.* But, Defendants aver, they have no intention of using the transcripts for that purpose and "have no interest in re-litigating the criminal case." *Id.* Defendants only plan to use the transcripts "to demonstrate the consistency between witness statements to Milwaukee Police officers during their investigation . . . and statements made by those same witnesses while testifying under oath during the trial." *Id.*

The Court will first reject Plaintiff's contention that use of the transcripts in this case would violate his Sixth Amendment rights. "The Sixth Amendment, by its terms, applies to criminal prosecutions" and "do[es] not apply to civil proceedings." *Chibber v. Zoeller*, No. 3:12cv850, 2014 U.S. Dist. LEXIS 20330, at *8 (N.D. Ind. Feb. 19, 2014) (citing *Turner v. Rogers*, 564 U.S. 431, 441 (2011)); *Callahan v. Comm'r,* 334 F. App'x 754, 755 (7th Cir. 2009) (citing *United States v. George,* 403 F.3d 470, 473 (7th Cir. 2005)).

Additionally, the Court agrees that, if Defendants were to use the transcripts in the manner they describe, such use would not be hearsay.

Page 3 of 10

Case 2:23-cv-00367-JPS   Filed 06/28/24   Page 3 of 10   Document 54

Hearsay is that which is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Defendants aver that their use of transcripts would be limited to demonstrating that the witnesses were consistent in their statements, such that the Defendant Officers had no reason to suspect that the witnesses were lying, ECF No. 46 at 4, *not* to demonstrate that what the witnesses stated was, in fact, true.

That said, however, it is not clear to the Court that Defendants' intended use of the transcripts surpasses the relevancy standard, at least with respect to the malicious prosecution claim. Evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendants aver that they wish to use the transcripts to show that, even if the witnesses were lying when they originally made statements to the Defendant Officers, those witnesses were consistent in their statements because they went on to make the same statements under oath at trial. ECF No. 46 at 3. That makes sense with respect to Plaintiff's fabrication claim; using the transcripts to show that the witnesses affirmed at trial their statements as they were represented in the police reports is relevant to defending against the claim that the Defendant Officers misrepresented/altered the witnesses' statements in the police reports.

It does not, however, make sense with respect to the malicious prosecution claim. As Defendants expressly concede in their response to a different motion, "[t]o prevail on a theory of malicious prosecution[,] [Plaintiff] must [show] that the officer-defendant lacked probable cause . . . based on the information *known at the time.*" ECF No. 52 at 3 ("Whether Defendant Carlson lacked probable cause to file charges in 2012 will rise or fall based on the facts and circumstances *known to her then*.") (emphases added). Indeed, "[p]robable cause, which constitutes a defense to an action

Page 4 of 10
Case 2:23-cv-00367-JPS    Filed 06/28/24    Page 4 of 10    Document 54

for malicious prosecution, depends upon what the prosecuting party knew or ought to have known at the time of instituting the criminal proceeding." *Elmer v. Chicago & N.W. Ry. Co.*, 51 N.W.2d 707, 708 (Wis. 1952). That the witnesses *later* went on to make the same statements under oath at trial that they had originally made to police pre-prosecution is not, therefore, relevant to the malicious prosecution claim. Defendants may not, therefore, use the transcripts for their intended, professed use with respect to the malicious prosecution claim, though the relevancy requirement does not prevent them from using the transcripts in the manner described with respect to the fabrication claim.

For all these reasons, the Court will grant in part and deny in part Plaintiff's motion to prohibit Defendants' use of the transcripts in this matter.[2]

### 2.2     Motion for Rule 11 Sanctions

In his motion for Rule 11 sanctions against Attorneys McCabe and Muche, Plaintiff alleges that Attorneys McCabe and Muche have failed to interview witnesses and do "a proper investigation into the facts" to ascertain the truth. ECF No. 47 at 1–2. Plaintiff also alleges that Attorneys McCabe and Muche have failed to obtain critical evidence in the case—the police report of March 16, 2008 and recording of the police interview of that same date. *Id.* at 2.

In response, Defendants aver that Rule 11 sanctions are not applicable to alleged misconduct relating to "disclosures and discovery requests, responses, objections, [or] motions under Rules 26 through 37,"

---

[2]In his reply, Plaintiff points to the alleged "inaccuracy" of the transcripts as an additional potential basis for their exclusion in this case. ECF No. 48 at 1. He did not include this argument in the motion itself, and so the Court will not consider it.

and so to the extent that Plaintiff's motion is premised on such alleged misconduct, it is misplaced. ECF No. 52 at 1–2 (quoting Fed. R. Civ. P. 11(d)). Additionally, Defendants argue that they are not required in this case "to prove that the events alleged in the criminal complaint did occur, only that there was a reasonable basis upon which to conclude that the events had occurred and to initiate criminal process based thereon." *Id.* at 4.

The Court agrees with Defendants that Plaintiff's motion is brought in the wrong vehicle. To the extent that Plaintiff seeks Rule 11 sanctions against Attorneys McCabe and Muche for alleged misconduct related to any discovery request Plaintiff might make, Rule 11 is not the appropriate basis for such relief. If Plaintiff believes that Attorneys McCabe and Muche have failed to disclose to him evidence that he has requested and to which he believes he is legally entitled, he should file a motion under Rule 37 to compel disclosure of such evidence and, if appropriate, for sanctions. *See* Fed. R. Civ. P. 37(a)(3)(A)–(B). That rule authorizes "a party [to] move for an order compelling disclosure or discovery," as well as "for appropriate sanctions." Fed. R. Civ. P. 37(a)(1) and (a)(3)(A). It also requires a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Rule 11 sanctions do not appear to be appropriate in this context.

That said, the Court does not agree with Defendants' argument that at least some of the evidence that Plaintiff seeks is irrelevant in this matter. It is certainly true, as Defendants note, that this case does not equate to an opportunity for Plaintiff to relitigate his underlying state criminal case. ECF No. 52 at 3. Plaintiff should not confuse this civil action with an opportunity

to attempt to prove his innocence of the charges of which he was originally convicted.

That said, the bar for relevance under the Federal Rules of Evidence is low. *United States v. Hamzeh,* 986 F.3d 1048, 1052 (7th Cir. 2021) (citing *United States v. Driggers*, 913 F.3d 655, 658 (7th Cir. 2019)). As noted, evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff alleges that Charles and Simmert in some fashion misrepresented in their police report a witness statement made to them on March 16, 2008. ECF No. 19 at 5; ECF No. 34 at 4. He also alleges that Boehlke and Johnson misrepresented the statements of several witnesses in their January 10, 2012 report. ECF No. 47 at 1. Those are the critical allegations underlying Plaintiff's claim against those officers. And yet Plaintiff's motion suggests that Defendants will not provide him with a copy of these police reports, nor with a copy of any recording of the police interviews on which those reports were based (to the extent such recordings even exist—Defendants fail to clarify whether they do or do not exist). *Id.* at 2. To the extent that such materials exist and have not been provided, this is improper. *But see* ECF No. 51 ("Defendants requested copies of reports referenced in Plaintiff's Amended Complaint, . . . and produced the same as Initial Disclosures."). Imagine, for example, that recordings of the police interviews with witnesses exist and demonstrate that the witnesses told the Defendant Officers one thing, but that then the police reports, presumably subsequently prepared, represent the witnesses as having said the opposite. Certainly, these materials would then be relevant to Plaintiff's claims that he was maliciously prosecuted and that Defendants fabricated inculpatory evidence to use against him.

As Defendants explicitly note, the determination of whether Defendants had probable cause to seek charges against Plaintiff in 2012 "will rise or fall based on the facts and circumstances known to" the officers then. ECF No. 52 at 3. The information provided to Defendants prior to seeking charges against Plaintiff—for example, conveyed to them through police interviews—is obviously relevant to that determination.[3]

Defendants insist that, "[to] date, Plaintiff has not produced evidence supporting his claims that Defendants fabricated evidence and/or prosecuted him maliciously." *Id.* at 4. But even assuming that is true, it has no bearing whatsoever on Defendants' own discovery obligations and is not an appropriate response to Plaintiff's motion.

Accordingly, assuming that they exist, and barring some legitimate invocation of privilege or other exception, Defendants must promptly provide these materials to Plaintiff, if they have not done so already. That includes the relevant police reports and any recordings, transcriptions, or notes of interviews with witnesses on which those reports were purportedly based. Should Defendants fail to make these materials available to Plaintiff, the Court would entertain a Rule 37 motion to compel and/or for sanctions from Plaintiff.

### 2.3 Motion for Court Order Regarding Alleged Discovery Misconduct

Lastly, Plaintiff moves the Court to "take action" against Attorneys McCabe and Muche for allegedly providing him with altered/manipulated discovery material. ECF No. 50. Specifically, he references the fact that Carlson is instead referred to as "Beaster" on some of the materials. *Id.* at 1.

---

[3] For this reason, the Court agrees with Defendants that Plaintiff's demands for *new* interviews with witnesses are unreasonable. ECF No. 47 at 1–2; ECF No. 52 at 3–4. What matters is what Defendants were told *back then,* not what someone might tell them now.

Page 8 of 10
Case 2:23-cv-00367-JPS   Filed 06/28/24   Page 8 of 10   Document 54

Plaintiff alleges that Attorneys McCabe and Muche intentionally altered these materials "to conceal . . . Carlson's malicious intentions." *Id.*

The Court will deny this motion. First, Defendants aver that Plaintiff failed to meet and confer with them regarding this motion prior to its filing, as required by the Court's pretrial order. ECF No. 51; ECF No. 35 at 11. Plaintiff does not dispute that assertion. ECF No. 53. The motion is subject to denial on that basis alone. The Court has previously reminded Plaintiff of his obligation to meet and confer with Attorneys McCabe and Muche regarding any disputed matter that he intends to bring to the Court's attention by motion. ECF No. 43 at 1–2 (citing ECF No. 35 at 11). Plaintiff's pro se status does not excuse his noncompliance with the Court's protocols. *Brooks v. Complete Warehouse & Distrib. LLC*, 708 F. App'x 282, 285 (7th Cir. 2017) ("[P]ro se litigants are not excused from compliance with procedural rules, including local rules." (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) and *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006))).

In any event, Defendants attribute the difference in name in these materials to a legal name change such that "reports printed prior to [Carlson's] name change reflect her former name, . . . Beaster, but reports printed after her name change reflect, . . . Carlson." ECF No. 51 at 1. For all these reasons, Plaintiff's motion will be denied.

3.  **CONCLUSION**

For the reasons discussed herein, the Court denies Plaintiff's motion for action, ECF No. 50, and grants in part and denies in part his motions for sanctions, ECF No. 47, and to prohibit Defendants' use of the trial transcripts, ECF No. 45.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall update on the docket Defendant Philip Semmert's name to Phillip Simmert II;

**IT IS FURTHER ORDERED** that Plaintiff Jackie D. Mason's motion for Rule 11 sanctions, ECF No. 47, be and the same is hereby **DENIED** to the extent that it seeks sanctions against Attorneys Meghan McCabe and Clint Muche; it is **GRANTED** only to the extent that the Court interprets it as seeking disclosure of the relevant police reports and any recordings, transcriptions, or notes of interviews with witnesses on which those reports were purportedly based;

**IT IS FURTHER ORDERED** that Plaintiff Jackie D. Mason's motion for action, ECF No. 50, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Jackie D. Mason's motion to prohibit Defendants Joseph M. Boehlke, Jennifer Johnson, Jon A. Charles, Philip Simmert, and Cindy Carlson's use of the trial transcripts from Plaintiff's state criminal case, ECF No. 45, be and the same is hereby **GRANTED in part and DENIED in part** on the terms stated herein.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge